Richard J. MARAZITI, Plaintiff–
Appellant,

v.

Robert T. THORPE; David Simmons;
Gene Carlson; James Thibault; United
States of America; Mark Van Epps;
Janice L. Platt; First Interstate Bank of
California; T.P. Ferrand; City of San
Diego; Oscar M. Vasquez; Michael Ni-
chochea, Defendants–Appellees.

No. 93–56632.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 1995.

Decided April 11, 1995.

Louis E. Goebel, Goebel, Shensa & Beale,
San Diego, CA, for plaintiff-appellant.

Loretta C. Argrett (on the briefs), Andrea
R. Tebbets (argued), Tax Div., U.S. Dept. of
Justice, Washington, DC, for defendant-ap-
pellee United States of America.

Before: BROWNING, D.W. NELSON and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

## FACTS[1]

Richard J. Maraziti and Robert T. Thorpe[2], both veterinarians, were friends and business associates. On December 17, 1986, as part of a business transaction, Thorpe required Maraziti to deliver $500,000 in cashier's checks, payable to Thorpe, to First Interstate Bank where they could be "verified." However, unbeknownst to Maraziti, Thorpe had arranged for IRS agents to be at the bank, where the checks were cashed and $353,327.76 was seized to pay Thorpe's unpaid taxes. The balance of the money was retained by Thorpe, who, along with the IRS agents, exited the bank by a back door while Maraziti was left waiting in the lobby.

On April 3, 1989, Maraziti asserted a wrongful levy claim against the United States for the seizure of the $353,000. After an evidentiary hearing, the district court found it lacked subject matter jurisdiction because Maraziti's claim was filed well beyond the nine-month limitations period set forth in 26 U.S.C. § 6532(c)(1). Additionally, the court found that Maraziti did not file an administrative request for return of property, pursuant to section 6532(c)(2), so the limitations period was not extended.[3] The district court, therefore, dismissed the United States as a defendant in Maraziti's suit.

In response to Maraziti's claim and a separate suit by Thorpe seeking a refund of most of the amount seized to satisfy his tax liability, the United States interpled the $353,000. Ruling on the interpleader, the court determined that, as between the two claimants, Maraziti was entitled to the money. The United States paid Maraziti $353,327.76 but did not pay any interest on that amount.

In an attempt to obtain interest for the period that the government held his money, Maraziti filed a motion pursuant to Fed. R.Civ.P. 60(b)(5) and (6) to vacate the judgment dismissing the United States. In his motion, Maraziti contended that, until Thorpe's tax court proceeding, the government had consistently taken the position that the money seized rightfully belonged to Thorpe. However, in its case against Thorpe, the IRS maintained that it was Maraziti's money and Thorpe had converted it to pay his taxes. Maraziti argued that this change in the government's position constituted an extraordinary circumstance that would make prospective application of the dismissal order inequitable. The district court disagreed and denied the motion. Maraziti appealed.

Although the facts of this case make for interesting reading, the sole issue we consider on appeal is whether the district court abused its discretion by denying Maraziti's Rule 60(b) motion. We conclude that it did not, and therefore we affirm.

## STANDARD OF REVIEW

This Court reviews a denial of a Rule 60(b) motion for relief from judgment under an abuse of discretion standard. *Browder v. Director, Ill. Dept. of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *In re Roxford Foods,*

---

**1.** The facts underlying this appeal can be found in *Maraziti v. First Interstate Bank,* 953 F.2d 520 (9th Cir.1992), and *Thorpe v. Commissioner,* 63 T.C.M. (CCH) 2448, 1992 WL 50958 (1992).

**2.** A separate appeal involving Thorpe was scheduled to be heard with Maraziti's appeal. However, Thorpe died on October 1, 1994. This court ordered the government to determine whether there is a representative of Thorpe's estate who could be substituted as a party pursuant to Fed. R.App.P. 43(a), and the case has been referred to a motions panel for a determination of whatever further proceedings shall be had.

**3.** Although Maraziti claimed to have sent the request in September, 1988, the IRS did not receive it. Since Maraziti did not send the letter by registered or certified mail, no presumption of receipt arose, and the district court found that Maraziti failed to carry his burden of proving that the IRS actually received the letter. *See* 26 U.S.C. § 7502.

*Inc.*, 12 F.3d 875, 879 (9th Cir.1993); *Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir.1991); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 911 F.2d 363, 365 (9th Cir.1990). Additionally, an appeal of a denial of a Rule 60(b) motion brings up for review only the denial of the motion, unless it is filed within ten days of the entry of the judgment. Fed. R.App.P. 4(a)(4)(F). *See also Browder*, 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7; *Cel–A–Pak v. California Agric. Labor Rel. Bd.*, 680 F.2d 664, 668 (9th Cir.), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982).

## DISCUSSION

### I. The Judgment Does Not Have Prospective Application

Maraziti argues that the government's "inequitable conduct in refusing to return Maraziti's money, obtaining a judgment in its favor denying Maraziti's right to the money, and then reversing its position in the tax court and interpleading the money," would make prospective application of the dismissal order unfair under Fed.R.Civ.P. 60(b)(5). (Appellant's Br. at 16–17). However, the district court found that Rule 60(b)(5) has no application in this context because the order dismissing the United States was not a judgment calling for "prospective application." (Order Denying Plaintiff's Motion to Vacate and for Payment of Interest, ER at 186–188 [4]).

■ The district court was undoubtedly correct in determining that the dismissal order did not have "prospective application" within the meaning of Rule 60(b)(5). "Virtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect.... That a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5)." *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C.Cir.1988). The standard used in determining whether a judgment has prospective application is

"whether it is 'executory' or involves 'the supervision of changing conduct or conditions[.]' " *Id.* at 1139 (quoting *Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. (18 How.) 421, 431, 15 L.Ed. 435 (1856); and *United States v. Swift & Co.*, 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932)). *See also DeWeerth v. Baldinger*, 38 F.3d 1266, 1275–76 (2d Cir.) (adopting and applying the *Twelve John Does* standard), *cert. denied*, —— U.S. ——, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994); *Safe Flight Instrument Corp. v. United Control Corp.*, 576 F.2d 1340, 1344 (9th Cir.1978) (per curiam) (discussing the distinction between prospective and nonprospective orders under Rule 60(b)(5)). The order dismissing the United States as a party is not that type of judgment. *See Gibbs v. Maxwell House*, 738 F.2d 1153, 1155–56 (11th Cir.1984) ("That plaintiff remains bound by the dismissal is not a 'prospective effect' within the meaning of rule 60(b)(5) any more than if plaintiff were continuing to feel the effects of a money judgment against him."). The construction of the Rule sought by Maraziti, "which apparently is to the effect that a judgment has prospective effect so long as the parties are bound by it, would read the word 'prospective' out of the rule." *Schwartz v. United States*, 976 F.2d 213, 218 (4th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1280, 122 L.Ed.2d 673 (1993). We are not inclined to adopt such a construction.

### II. There Are No Extraordinary Circumstances That Warrant Relief From the Judgment

Maraziti notes that Rule 60(b)(6) "gives the district court power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir.1982) (quoting *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390–91, 93 L.Ed. 266 (1949)). However, relief under this Rule is warranted only if "extraordinary circumstances" exist. *Ackermann v. United States*, 340 U.S. 193, 199–201, 71 S.Ct. 209, 212–13, 95 L.Ed. 207

---

4. "ER" refers to Appellant's Excerpts of Record. "CR" refers to documents of record as numbered

by the district court clerk.

(1950); *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 645 (9th Cir.1984). Maraziti argues that the extraordinary circumstance that justifies the remedy he seeks "is that the United States Government, which aggressively resisted Maraziti's efforts to have his money returned, has now admitted that the money was wrongfully converted by Thorpe and has returned the principal amount." (Appellant's Br. at 19).

 However, this "extraordinary circumstance" is nothing more than a reiteration of an argument that Maraziti raised in his motion for reconsideration. (*See* Reply Memorandum of Points and Authorities in Support of Motion for Reconsideration, CR at 222). Since Maraziti's Rule 60(b) motion merely reiterated the arguments that he had already presented to the district court, the motion was properly denied. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

Furthermore, Maraziti's claim that the government altered its position is without merit. The record reveals that the government's argument against returning the money to Maraziti was procedural, not substantive. The government challenged Maraziti's claim because he failed to timely pursue the wrongful levy remedy, not because he was not the rightful owner of the money. In fact, the district court found that "[b]ut for the failure to make the timely filing required, the U.S. would have paid [Maraziti] the sum of Three Hundred Fifty–Three Thousand Three Hundred Twenty–Seven Dollars and Seventy–Six Cents ($353,327.76), plus interest from the date of the levy." (Order Denying Relief as Against the United States of America and Notice of Hearing on Collateral Estoppel, Or in the Alternative, Evidentiary Hearing on the Issue of Entitlement as Between Thorpe and Plaintiff, ER at 116).

Because the court had previously considered and rejected the argument that Maraziti claimed was an extraordinary circumstance, and because the government did not actually change positions, it was not an abuse of discretion for the court to deny Maraziti's motion under Rule 60(b)(6).

## CONCLUSION

Maraziti's sole remedy against the United States was a claim for wrongful levy under 26 U.S.C. § 7426. However, he did not file that claim within the period provided by the applicable statute of limitations, and failed to file a request for return of property that would have extended the limitations period. Maraziti's claim that the government has "reversed positions" regarding his entitlement to the money seized does not constitute changed or extraordinary circumstances that warrant relief from judgment. Therefore, the district court did not abuse its discretion in denying his 60(b) motion, and its judgment is AFFIRMED.