110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wesley Neil BASS, husband; Brenda J. Bass, wife,
Plaintiffs-Appellants,
v.
BANKERS LIFE AND CASUALTY COMPANY, an Illinois Corporation;
John E. Jackel, Jr., husband; Jane Doe Jackel,
wife; John 1-5 Does; Jane 1-5 Does,
Defendants-Appellees.
 No. 95-16907.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 12, 1997.*
Decided March 31, 1997.
 
 Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs Wesley N. Bass and Brenda J. Bass (the Basses) filed a complaint in Arizona state court alleging violations of both Arizona state tort law and the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Defendant Bankers Life and Casualty Company (Bankers) removed the case to federal district court in Arizona.
 
 
 3
 On June 23, 1995, Bankers filed a motion to dismiss. The Basses did not respond to this motion. Instead, on August 10, they filed an amended complaint, deleting from their original complaint the only federal claim, the ADEA claim. The Basses also filed a motion to remand the case to state court.
 
 
 4
 On August 16, the district court granted Bankers' motion to dismiss. The district court reasoned that Arizona District Court Local Rule 1.10(i) required the Basses to respond to Bankers' motion to dismiss. Because the Basses did not respond, they were deemed to have consented to the court granting Bankers' motion to dismiss.
 
 
 5
 The Basses then filed a motion for relief on September 5, requesting the district court to reconsider its grant of Bankers' motion to dismiss. Along with their motion for relief, the Basses filed a reply to Bankers' response to their previously-filed motion to remand.
 
 
 6
 On September 12, the district court denied the Basses' motion for relief with prejudice. According to the district court, Bankers responded to the Basses' complaint with a motion to dismiss. Because the court viewed Bankers' motion to dismiss as a responsive pleading, the court concluded that, if the Basses wanted to amend their complaint, they were required by Rule 15(a) of the Federal Rules of Civil Procedure to first obtain the consent of either the court or Bankers. Because the Basses never obtained such consent, the court struck their amended complaint.
 
 
 7
 The court also denied the Basses' motion to remand as untimely filed. According to the court, 28 U.S.C. § 1447(c) required the Basses to file their motion to remand within thirty days of Bankers' removal to federal court.
 
 
 8
 The Basses filed their notice of appeal on September 19.
 
 
 9
 * Scope of Appellate Review
 
 
 10
 The district court made two rulings: (1) on August 16, the court granted Bankers' motion to dismiss; and (2) on September 12, the court denied the Basses' motion for relief and motion to remand.
 
 
 11
 Under Rule 4(a) of the Federal Rules of Appellate Procedure, if the Basses wanted to challenge the court's grant of Bankers' motion to dismiss, the Basses could have done so by either: (a) filing a notice of appeal within thirty days; or (b) filing a motion for relief within ten days in district court, and then appealing the district court's grant or denial of that motion within thirty days. Fed.R.App.P. 4(a)(1) & 4(a)(4)(F).
 
 
 12
 The Basses did not meet either deadline. They filed a notice of appeal on September 19, over thirty days after the district court's grant of Bankers' motion to dismiss. The Basses also filed a motion for relief; however, they filed that motion more than ten days after the grant of Bankers' motion to dismiss.
 
 
 13
 Thus, the Basses' notice of appeal encompasses only the district court's second, and later, ruling: its denial on September 12 of the Basses' motion for relief under Rule 60(b) and their motion to remand.
 
 II
 Motion for Relief
 
 14
 In their motion for relief under Rule 60(b), the Basses requested the district court to reconsider its August 16 grant of Bankers' motion to dismiss. The Basses argued that, because the motion to dismiss was not a responsive pleading, the district court should have allowed the Basses to amend their complaint instead of granting the motion to dismiss. The district court denied the motion for relief and struck the Basses' amended complaint.
 
 
 15
 Rule 60(b) states, in pertinent part, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).
 
 
 16
 The Basses' Rule 60(b) motion was not predicated upon mistake, inadvertence, or any of the other explicitly enumerated grounds in sub-parts (1) through (5) of Rule 60(b). Moreover, our reading of the record discloses that the Basses had no basis for filing a Rule 60(b) motion on any of the enumerated grounds. Thus, we assume their argument is based on Rule 60(b)(6)--"a catchall rule for granting relief from final judgments where justice so requires." United States v. RG & B Contractors, Inc., 21 F.3d 952, 956 (9th Cir.1994).
 
 
 17
 Rule 60(b)(6) applies only in "extraordinary circumstances" when "petitioner's allegations set up an extraordinary situation which cannot fairly or logically be classified as mere neglect on his part." Ackermann v. United States, 340 U.S. 193, 203 (1950); Klapprott v. United States, 335 U.S. 601, 613 (1949); see also Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir.1995); RG & B Contractors, 21 F.3d at 956.
 
 
 18
 There is no extraordinary circumstance which prevented the Basses from either (1) directly appealing the district court's grant of Bankers' motion to dismiss, or (2) filing a motion for relief within ten days of the district court's grant of Bankers' motion to dismiss. To the extent the Basses ask us to review the district court's ruling refusing to allow them to amend their complaint, we cannot do that because a motion for relief under Rule 60(b) "does not bring up the underlying judgment for review." Cel-A-Pak v. California Agric. Labor Relations Bd., 680 F.2d 664, 668 (9th Cir.), cert. denied, 459 U.S. 1071 (1982).
 
 
 19
 We conclude the district court did not err in denying the Basses' motion for relief.
 
 III
 Motion to Remand
 
 20
 Because we affirm the district court's denial of the Basses' motion for relief under Rule 60(b), the district court's underlying judgment dismissing the action stands. With that judgment in place, the question of the district court's alleged erroneous ruling on the Basses' motion to remand is moot.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3