116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James CARTER, Plaintiff-Appellant,
v.
CONTINENTAL GARDENS APARTMENTS; Elke Fortenski; Edward B.
Frankel, aka Edward B. Frank, Defendants-Appellees.
 No. 96-55913.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 20, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-00745-GLT-EE; Gary L. Taylor, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Carter appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of the district court's dismissal for lack of subject matter jurisdiction of his action against Continental Gardens Apartments alleging violations of his constitutional rights in state court eviction proceedings against Carter.
 
 
 3
 A motion for reconsideration may be brought under rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 4
 Carter's appellate brief fails to raise any of the grounds for relief under Rule 60(b). Instead, Carter's arguments on appeal address only the merits of the underlying order of dismissal, and would be properly raised only if Carter had appealed from the judgment of dismissal. Carter's notice of appeal is timely only as to the Rule 60(b) motion, however. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir.1995) (when a Rule 60(b) motion is brought more than ten days after entry of judgment, an appeal from an order denying the Rule 60(b) motion raises only the merits of the order denying reconsideration and does not raise the merits of the underlying judgment or order). Accordingly, the district court's denial of the Rule 60(b) motion is
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3