139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Macario DURAN; Maria C. Duran, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 97-55902.
D.C. No. CV-96-08984-IH.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Submitted February 9, 1998.**
 
 Appeal from the United States District Court for the Central District of California Irving Hill, Senior District Judge, Presiding.
 Before PREGERSON, CANEY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Macario and Maria Duran, husband and wife, appeal pro se the district court's denial of their motion to set aside the judgments forfeiting their house and car, entered following their separate convictions for structuring financial transactions to avoid reporting requirements in violation of 31 U.S.C. § 5324(3). We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court construed the motion as one brought under Federal Rule of Civil Procedure 60(b)(6). Accordingly, we review for abuse of discretion, reviewing "only the denial of the motion" because it was filed more than ten days after entry of the forfeiture judgments. See Maraziti v. Thorpe, 52 F.3d 252, 253-54 (9th Cir.1995). We affirm.
 
 
 3
 The Durans contend that the district court erred by denying their motion because their convictions underlying the forfeitures were invalidated in light of Ratzlaf v. United States, 510 U.S. 135, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994).[1] This contention is meritless, because a change in the law after a judgment has become final does not compel reopening a final judgment under Rule 60(b)(6). See Clifton v. Attorney Gen. of Cal., 997 F.2d 660, 665 (9th Cir.1993). The district court had before it a final forfeiture judgment entered on the government's unopposed motion for summary judgment. Accordingly, we conclude that the district court did not abuse its discretion by denying the motion, because the Durans failed to establish that extraordinary circumstances existed warranting relief. See Fed.R.Civ.P. 60(b)(6); Maraziti, 52 F.3d at 254.[2]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court vacated Macario's conviction pursuant to 28 U.S.C. § 2255, and this court reversed Maria's conviction on direct appeal
 
 
 [2]
 We decline to address the Durans' res judicata argument because they did not present it to the district court in their motion. See United States v. One 1978 Piper Cherokee Aircraft, 91 F.3d 1204, 1209 (9th Cir.1996)