141 F.3d 1183
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
H. Homer WILSON, Plaintiff-Appellant,
v.
Bonnie YOUNGDAHL, in her individual and official capacities,
Jose Fregoso, in his individual and official capacities;
Kieth Cook, in his individual and official capacity; Allen
Weinger, Supervisor of the Los Angeles Branch, Department of
Corrections (DOC), in his individual and official capacity;
Gary Mendoza, Commissioner, (DOC) in his individual and
official capacity; Steven Schwaber, Receiver, in his
individual and official capacity; California Department of
Corrections, in its official capacity; Christine Bender,
Former Commissioner, (DOC); Thomas S. Sayles, Former
Commissioner, (DOC), Defendants-Appellees.
 No. 97-55830.
D.C. No. CV-95-07192-LGB.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 10, 1998.**
Decided March 18, 1998.
 
 Appeal from the United States District Court for the Central District of California Lourdes G. Baird, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Former California state prisoner H. Homer Wilson appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion to reconsider[1] the judgment dismissing his 42 U.S.C. § 1983 action alleging employees of the California Department of Corrections violated his constitutional rights, conspired to prosecute him, confiscated his personal property, defamed him and interfered with his livelihood as a securities dealer. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[2]
 
 
 3
 The district court did not abuse its discretion by denying Wilson's motion for reconsideration because Wilson raised no new arguments or facts supporting his claim that the district court should reconsider the dismissal of his section 1983 action. See Maraziti v. Thorpe, 52 F.3d 252, 253-54 (9th Cir.1995).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court construed Wilson's motion for leave to amend his complaint as a Fed.R.Civ.P. 60(b) motion to reconsider the judgment
 
 
 [2]
 The scope of this appeal was properly limited by the Appellate Commissioner to review of the district court's order denying Wilson's motion for reconsideration because the motion for reconsideration was not filed within ten days of entry of judgment, and the notice of appeal was filed more than thirty days after entry of judgment. See Fed.R.App.P. 4(a); Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir.1995)