Arturo **Montecillo**,
Plaintiff/Appellee,
v.
**Di-All Chemical Co.**,
Defendant/Appellant.
Appeal No. 97-020
Civil Action No. 96-1205
November 23, 1998

Submitted on the Briefs December 10, 1997

Counsels for appellant: J. Bradley Klemm, Agana, Guam (Klemm, Blair, Sterling & Johnson) and Timothy H. Skinner, Saipan (Local Counsel).

Counsel for appellee: Joseph E. Horey, Saipan. (O'Connor Berman Dotts & Banes)

BEFORE: TAYLOR, Chief Justice, LIZAMA and

ATALIG, Justices Pro Tem.

TAYLOR, Chief Justice:

¶1 ■ Diall Chemical Co., Inc. ("Diall") appeals the Superior Court's June 3, 1997, order denying its Rule 60(b) motion to set aside default judgment. We have jurisdiction pursuant to Article IV, § 3 of the Commonwealth Constitution. N.M.I. Const. art. IV, § 3 (1997). We affirm.

## ISSUES PRESENTED AND STANDARDS OF REVIEW

■ The issues before this Court are:

¶2 (1) Whether the Superior Court erred in holding that the Commonwealth had personal jurisdiction over Diall. The exercise of personal jurisdiction is a question of law which is reviewable de novo. *Office of the Attorney General v. Rivera*, 3 N.M.I. 436, 441 (1993).

¶3 (2) Whether the Superior Court erred in failing to set aside the default pursuant to Rule 60(b). We review a denial of a motion to set aside a judgment pursuant to Rule 60(b) for an abuse of discretion. *Maraziti v. Thorpe*, 52 F.3d 252, 253 (9ᵗʰ Cir. 1995); *See generally Roberto v. De Leon Guerrero*, 4 N.M.I. 295, 297 (1995).

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On October 24, 1996, Montecillo filed a complaint in Superior Court against Diall, seeking damages as a result of an allegedly defective packaged bottle of Mildewcide.[1] Montecillo, a clerk at the Joeten Ace Hardware in Gualo Rai, was severely injured when the allegedly defective screw-on cap of Mildewcide came off, splashing the contents of the bottle onto his face and eyes. Decision at 2. As a result of this incident, Montecillo is required to wear eyeglasses, which were previously not needed, and has developed scar-like white spots on his eyes and continued blurry vision. Decision at 4. Montecillo sought damages based on theories of negligence, strict liability in tort, breach of warranties, and the Commonwealth's unfair business practices and unfair competition law.

¶5 The Mildewcide was manufactured, bottled, packaged, and marketed through the Ace Hardware distribution network by Diall located in Winter Park, Florida.

¶6 On January 20, 1997, a default judgment was entered against Diall. On February 25, 1997, the Superior Court issued its findings of fact and conclusions of law and awarded Montecillo $27,000 ($25,000 in damages plus $2,000 in attorney's fees). Decision at 7.

¶7 On April 17, 1997, Diall specially appeared in the Superior Court by filing a Rule 60(b) motion. In its motion, Diall asserted that the Superior Court lacked personal jurisdiction and therefore the judgment was void. In the alternative, they requested that the judgment be set aside because of mistake, inadvertence, surprise, or excusable neglect. On June 3, 1997, the Superior Court denied Diall's motion on the grounds that Diall's failure to answer "was not excusable, but rather culpable," and the court's exercise of personal jurisdiction over Diall was fair and reasonable, consistent with due process of law.[2] From this order, Diall timely appealed.

## ANALYSIS

### I. __ The Superior Court had personal jurisdiction over Diall.

¶8 The Due Process Clause of the Fourteenth Amendment to the United States Constitution imposes limitations on the power of a court to assert personal jurisdiction over a non-resident defendant. The non-resident defendant must possess minimum contacts with the forum state such that the exercise of personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95, 100 (1945); *See also Sablan v. Quarashi*, 3 CR 762, 767-68 (D.N.M.I. App. Div. 1989). In addition, the contacts must be based upon an act or acts of the defendant purposefully directed toward the forum jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528, 539 (1985).

¶9 The Commonwealth's long-arm statute, 7 CMC § 1101 et seq., subjects both residents and non-residents to the Court's jurisdiction to the fullest extent allowable under the due process standards of the U.S. Constitution, including the following circumstances:

(1) The transaction of any business within the Commonwealth;
(2) Contracting to supply goods or services within the Commonwealth;
. . . .
(4) Causing tortious injury or damage within the

---

[1] Diall MC-1 Exterior Paint "Mildewcide" is a chemical product designed to be mixed with paint in order to prevent mildew growth on painted surfaces. *Montecillo v. Diall Chemical Co.*, Civil Action No. 96-1205 (N.M.I. Super. Ct. Feb. 25, 1997) (Findings of Fact and Conclusions of Law and Judgment at 1) ("Decision").

[2] *Montecillo, supra*, Civil Action No. 96-1205 (N.M.I. Super. Ct. June 3, 1997) (Order Denying Motion to Set Aside Default Judgment at 1).

186

Commonwealth by an act or omission done within the Commonwealth;

(5) Causing tortious injury or damage within the Commonwealth by an act or omission done outside the Commonwealth by a person engaged in business or other acts having impact within the Commonwealth, or who derives income or revenue from supplying goods or services within the Commonwealth.

. . . .

(7) Any act done outside the Commonwealth which causes or results in any harmful impact, injury or damages, including pollution of air, land, or water within the Commonwealth; or

(8) Any other act done within or outside the Commonwealth from which a cause of action arises and for which it would be not be unreasonable, unfair, or unjust to hold the person doing the act legally responsible in a court of the Commonwealth.[3]

¶10 ■ Here, the injury which gave rise to Montecillo's complaint, his injury as a result of an allegedly defective packaged bottle of Mildewide, occurred in the Commonwealth, namely, at the Ace Hardware store in Gualo Rai. Therefore, the element of "tortious injury or damage within the Commonwealth" codified at 7 CMC §1102(a)(5) applies to the facts of this case.

¶11 In addition, according to the declaration of Diall Vice-President David A. Young ("Young"), "Diall sells products to Ace Hardware within the continental United States. Delivery of these sales are to Ace Hardware Distribution Warehouses in the continental United States."[4] Diall's delivery of Mildewcide to Ace Hardware warehouses was a deliberate, intentional act towards the distribution of its product to the Ace Hardware Chain, and that chain includes the Commonwealth. The Ace Hardware Chain has tangible, fixed points, namely, Ace Hardware Stores, two of which are located on Saipan. Diall engaged in business activity which had an economic impact within the Commonwealth by selling its products, and knew or should have known that its product would end up in the Commonwealth. Therefore, this Court finds that Diall deliberately placed its services into Saipan's "stream of commerce" by selling its products to Ace Hardware, thus satisfying the Commonwealth's long arm statute.[5]

## II. The Superior Court did not abuse its discretion in failing to set aside the default.

¶12 Since we find that the Superior Court had personal jurisdiction over Diall, it did not abuse its discretion by not setting aside the default.

Rule 60(b) authorizes the court to set aside a judgment where it was obtained due to defendant's "mistake, inadvertence, surprise, or excusable neglect." Com. R. Civ. P. 60(b)(1). Rule 60 is remedial in nature. *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984). Here, we find no abuse of discretion.

## CONCLUSION

¶13 Based upon the foregoing reasons, we hereby **AFFIRM** the Superior Court's order denying Diall's motion to set aside a default judgment.

---

[3] 7 CMC §§ 1102 (a)(1)-(2), (4)-(5), (7)-(8).

[4] Excerpts of Record ("E.R.") 9, at 3.

[5] *See Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 107 S. Ct. 1026, 94 L. ■ Ed. 2d 92 (1987).