NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                                          )          BAP No.   EC-13-1211-KiKuJu
                                                )
LARRY TEVIS and NANCY TEVIS                     )          Bk. No.   04-26357
                                                )
                        Debtors.                )
_____                )
                                                )
LARRY TEVIS; NANCY TEVIS,                       )
                                                )
                        Appellants,             )
                                                )          **M E M O R A N D U M**[1]
v.                                              )
                                                )
MICHAEL F. BURKART, Chapter 7                   )
Trustee; HOSEIT & KOELEWYN;                     )
MAX HOSEIT; HERMAN L.                           )
KOELEWYN,                                       )
                                                )
                        Appellees.              )
_____                )

Submitted Without Oral Argument[2]
on November 22, 2013

Filed - January 30, 2014

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Christopher Klein, Bankruptcy Judge, Presiding

Appearances:    Appellants Larry Tevis and Nancy Tevis, pro se, on
                brief; Andrew E. Benzinger, Esq. of Lewis, Bribois,
                Bisgaard & Smith LLP on brief for appellees,
                Hoseit & Koelewyn, Max Hoseit, and Herman L.
                Koelewyn.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] On October 4, 2013, the Panel unanimously determined that this appeal was suitable for submission on the briefs and record without oral argument pursuant to Fed. R. Bankr. P. 8012.

Before: KIRSCHER, KURTZ and JURY, Bankruptcy Judges.

Chapter 13[3] debtors, Larry Tevis and Nancy Tevis ("Tevises"), appeal the bankruptcy court's order denying relief under Civil Rule 60(d)(3) for fraud on the court. We AFFIRM.[4]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### Prepetition Events

In 1998, Tevises executed a contract to purchase a new modular home and have it placed on their real property in Rescue, California. To purchase the modular home and make necessary improvements, they obtained a loan from the State of California Department of Veterans Affairs ("Cal Vet"). In exchange for the loan proceeds, Tevises executed a land sale contract and granted a trust deed in favor of Cal Vet for the real property as collateral.

Tevises later became unhappy with the modular home and its installation, contending that a number of defects existed. In July 1999, Tevises sued the parties responsible for the manufacture, sale and installation of the modular home, as well as the escrow company used to service the Cal Vet loan (collectively,

---

[3] Unless otherwise indicated, all chapter and section references are to the unamended Bankruptcy Code, 11 U.S.C. §§ 101-1330, in effect when this case was filed, and prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Rule references are to the Federal Rules of Bankruptcy Procedure (Fed. R. Bankr. P.), Rules 1001-9036. "Civil Rule" references are to the Federal Rules of Civil Procedure.

[4] Tevises did not include several documents relevant to this appeal. We therefore exercised our discretion to review independently these imaged documents from the bankruptcy court's electronic docket. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

-2-

the "Modular Home Litigation").

During the Modular Home Litigation, Tevises retained Hoseit & Koelewyn ("H&K") to represent them after their initial attorney withdrew due to retirement. H&K later withdrew for reasons not apparent from the record. Tevises then retained attorney Paul L. Cass ("Cass") who brought in attorney Peter Galgani as co-counsel on the matter.

In July 2002, Cass recommended to Tevises that they settle the Modular Home Litigation after the state court had disqualified their expert witness regarding the damage to the modular home. During the course of the case, Mrs. Tevis had signed an authorization granting Mr. Tevis full authority to settle the Modular Home Litigation.

On the eve of trial, with Tevises' approval, Cass and Galgani successfully negotiated a settlement of the Modular Home Litigation for $65,000. On August 5, 2002, Mr. Tevis stated in open court that he agreed to the settlement terms. Upon that, the state court approved it, and most of the defendants tendered checks to Cass. Tevises later reneged and refused to sign the settlement agreement or the checks. Upon the defendants' motion, the state court granted an order enforcing the settlement on March 24, 2003. Cass's motion to withdraw from his representation of Tevises was also granted on March 24, 2003.

Tevises later moved to vacate the settlement order, which the state court denied on October 14, 2003. Defendants' motion to dismiss the case pursuant to the settlement order was granted. Tevises filed a motion for reconsideration of the state court's dismissal order and simultaneously prepared to file bankruptcy.

-3-

After Cass withdrew from the Modular Home Litigation, Tevises filed legal malpractice actions against H&K and Cass. In turn, H&K and Cass filed attorney's liens against the Modular Home Litigation settlement proceeds and filed suit against Tevises for their fees (collectively, the "Malpractice Litigation").

Meanwhile, Tevises defaulted on their loan with Cal Vet, and Cal Vet cancelled the land sale contract on October 1, 2003. Soon thereafter, Cal Vet filed an unlawful detainer action against Tevises.

## Bankruptcy Events

On June 21, 2004, Tevises filed a chapter 7 bankruptcy case, and Michael F. Burkart ("Trustee") was appointed as trustee. He employed Daniel L. Egan ("Egan"), an attorney with Wilke, Fleury, Hoffelt, Gould & Birney, LLP, as his counsel. With Egan's assistance, Trustee negotiated a settlement of the claims among the chapter 7 estate, the Modular Home Litigation defendants and the Malpractice Litigation defendants ("Settlement Agreement").

On or about September 27, 2004, Trustee filed a motion to approve the Settlement Agreement. Tevises opposed it. A hearing was held on October 26, 2004. At the hearing, Egan repeatedly represented to the bankruptcy court that Cal Vet was not a party to the Settlement Agreement. Egan further represented that he had been negotiating with Cal Vet regarding their claims against the estate, and that he anticipated requesting the court's approval of a proposed settlement with Cal Vet on those issues (the "Cal Vet Proposal").

Over Tevises' objections, the bankruptcy court approved the Settlement Agreement in a Memorandum Decision entered on

-4-

October 29, 2004. On November 10, 2004, the bankruptcy court entered its order approving the Settlement Agreement ("Settlement Order").

A condition precedent to the Settlement Agreement was the bankruptcy court's approval of the Cal Vet Proposal by no later than November 30, 2004. On November 16, 2004, Trustee filed a motion to approve the Cal Vet Proposal. The Cal Vet Proposal established the amount of the indebtedness on Tevises' defaulted Cal Vet loan, authorized Trustee to sell the real property and modular home, and required Cal Vet to dismiss their prepetition state court action against Tevises.

The Cal Vet Proposal was never heard by the bankruptcy court, because Tevises moved to convert their case to chapter 13 when they learned Trustee intended to sell their real property and modular home. The bankruptcy court converted the case on December 1, 2004, and Trustee's appointment was terminated.

Tevises filed a proposed chapter 13 plan on June 1, 2005, which stated that "Debtors hereby assume the [S]ettlement [A]greement approved in the Chapter 7 case," and that the chapter 13 trustee had possession of the $65,000 proceeds from the Settlement Agreement. The proposed plan further declared that these proceeds would be used to pay the amounts due and owing to H&K and Cass. The bankruptcy court entered an order confirming Tevises' proposed chapter 13 plan on July 18, 2005.

Additional adversary proceedings and appeals occurred in the case in the interim, but are not relevant to the current appeal.

**Motion for Relief under Civil Rule 60(d)**

Over eight years after the bankruptcy court's approval of the

-5-

Settlement Agreement and confirmation of their chapter 13 plan, Tevises filed a motion on March 26, 2013, seeking relief under Civil Rule 60(d)(3) for "fraud upon the court" with respect to the Settlement Order ("Civil Rule 60(d) Motion").[5] Tevises argued that the condition precedent of the Settlement Agreement required the bankruptcy court to approve both the Settlement Agreement and the Cal Vet Proposal for the Settlement Agreement to be valid. In short, Tevises argued that because the bankruptcy court did not consider both documents prior to approving the Settlement Agreement, the Settlement Agreement was void. Tevises claimed Egan's statements that Cal Vet was not a party to the Settlement Agreement were false, misled the court into approving the Settlement Agreement, and constituted fraud on the court.[6]

Egan opposed the Civil Rule 60(d) Motion, contending that his statements were accurate regarding the Settlement Agreement and therefore no fraud was imposed on the bankruptcy court. Egan further noted that Tevises had incorporated the Settlement Agreement into their confirmed chapter 13 plan. H&K also opposed the motion, contending that it had not defrauded the court.

During the hearing on the Civil Rule 60(d) Motion on April 23, 2013, Tevises, appearing pro se, argued that the

[5] Given a case conversion on the eve of a settlement, extensive litigation over representation and professional fees and other extensive litigation involving multiple defendants, including appeals, considerable time has elapsed since Tevises filed their case in 2004.

[6] The Civil Rule 60(d) Motion also included several other extraneous issues that were not relevant to the Settlement Agreement, but rather pertained to the merits of the underlying state court litigation.

-6-

Settlement Agreement should not have been approved because of fraud on the court. Tevises asserted that Egan misled the bankruptcy court when he stated in 2004 that the Settlement Agreement did not involve Cal Vet. To the contrary, argued Tevises, because of the condition precedent requiring the bankruptcy court's approval of both the Settlement Agreement and the Cal Vet Proposal, Cal Vet was in fact a party to the Settlement Agreement. After hearing further argument from the parties, the bankruptcy court took the matter under advisement.

On April 25, 2013, the bankruptcy court entered an order denying the Civil Rule 60(d) motion, concluding that Tevises had failed to show any fraud on the court ("Civil Rule 60(d) Order"). Specifically, the court found that Egan's statements regarding whether Cal Vet was a party to the Settlement Agreement were accurate when made. The court further stated that even if Cal Vet had been a party to the Settlement Agreement, it would not have made a different ruling. This timely appeal followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158(b).

## III. ISSUE

Did the bankruptcy court abuse its discretion when it denied the Civil Rule 60(d) Motion?

## IV. STANDARD OF REVIEW

We review denials of motions for relief under Civil Rule 60 for an abuse of discretion. See United States v. Estate of Stonehill, 660 F.3d 415, 443 (9th Cir. 2011). A bankruptcy court abuses its discretion if it applies the wrong legal standard or

-7-

its factual findings are illogical, implausible or without support in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011). An appeal from an order denying a Civil Rule 60 motion, when filed more than 14 days after the underlying order or judgment, raises only the merits of the order denying the motion and does not raise the merits of the underlying judgment or order. See Marazitit v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995).

## V. DISCUSSION

Tevises argue that the bankruptcy court abused its discretion in denying the Civil Rule 60(d) Motion by relying on false statements made by Egan about the Settlement Agreement. Tevises also try to argue the underlying merits of several other unrelated matters. However, those other matters are not properly before us. The only issue relevant to this appeal is whether the bankruptcy court abused its discretion in denying the Civil Rule 60(d) Motion.[7]

**The bankruptcy court did not abuse its discretion when it denied the Civil Rule 60(d) Motion.**

Tevises argue that the bankruptcy court abused its discretion when it relied on "numerous false and fabricated material facts" in issuing the Civil Rule 60(d) Order. Tevises believe that the Settlement Agreement must be set aside because of fraud on the court. Specifically, Tevises contend that Egan made false statements to the bankruptcy court about Cal Vet not being a party

_____

[7] Even though Tevises assign no error to the bankruptcy court's application of the law with respect to Civil Rule 60(d), in our review of the record and the Civil Rule 60(d) Order, we conclude that the correct legal standard was applied. Therefore, we review only the bankruptcy court's findings of fact for clear error.

to the Settlement Agreement. Tevises argue that Cal Vet was a party to it, because the condition precedent therein required the bankruptcy court to approve both the Settlement Agreement and the Cal Vet Proposal for the Settlement Agreement to be valid.

Civil Rule 60(d)(3), incorporated by Rule 9024, allows a court to "set aside a judgment for fraud on the court." Such fraud "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1104 (9th Cir. 2006)(quotations and citations omitted)(applying Civil Rule 60(b)). "Fraud on the court should be read narrowly, in the interest of preserving the finality of judgments." Id. (quoting Toscano v. Comm'r, 441 F.2d 930, 934 (9th Cir. 1971)(applying Civil Rule 60(b)).

The Ninth Circuit places a high burden on a plaintiff seeking relief from a judgment based on fraud on the court. Id. See also Stonehill, 660 F.3d at 443 (holding that the burden of proof is a "clear and convincing" standard). The type of fraud asserted here must involve egregious conduct, such as an unconscionable plan or scheme designed to improperly influence the court in its decision. Latshaw, 452 F.3d at 1104 (citing Abatti v. Comm'r, 859 F.2d 115, 118 (9th Cir. 1988); Toscano, 441 F.2d at 934)). "Mere nondisclosure of evidence is typically not enough to constitute fraud on the court, and 'perjury by a party or witness, by itself, is not normally fraud on the court.'" Stonehill, 660 F.3d at 444 (quoting Levander v. Prober (In re Levander), 180 F.3d 1114, 1119

-9-

(9th Cir. 1999)).

While the condition precedent to the Settlement Agreement did require the bankruptcy court to approve both the Settlement Agreement and the Cal Vet Proposal, it also allowed for the parties to negotiate among themselves and obtain the bankruptcy court's approval for both settlements by November 30, 2004. The record clearly shows that Trustee sought approval for the Settlement Agreement prior to November 30, 2004. Egan correctly stated at the hearing to approve the Settlement Agreement that Cal Vet was not a party to it. He also explained that Trustee was attempting to negotiate a settlement with Cal Vet. Egan's statements were confirmed when Trustee filed a motion on November 16, 2004, seeking approval of the Cal Vet Proposal. Based on the evidence presented, the bankruptcy court's finding that Egan's statements were accurate when made is not illogical or implausible and is supported by the record.

We would further note that the bankruptcy court was not given an opportunity to consider the Cal Vet Proposal, because Tevises moved to convert their chapter 7 case to chapter 13 prior to the approval deadline in the Settlement Agreement and the Cal Vet Proposal. Tevises' motion to convert was granted just one day after the November 30, 2004 approval deadline, on December 1, 2004.

Additionally, Tevises' confirmed chapter 13 plan assumed the Settlement Agreement and represented that the chapter 13 trustee had possession of the $65,000 proceeds. The confirmed plan also declared that the settlement proceeds would be used to pay the amounts due and owing to H&K and Cass.

-10-

Accordingly, we conclude that the bankruptcy court did not abuse its discretion in denying the Civil Rule 60(d) Motion.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM.