NOT FOR PUBLICATION

FILED

OCT 14 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. AZ-15-1298-LJuF |
| | ) | |
| RAMON CONCHA and | ) | Bk. No. 0:12-bk-17446-SHG |
| ISABEL CONCHA, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| IRENE DUARTE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| RAMON CONCHA; ISABEL CONCHA; | ) | |
| JIMMIE D. SMITH, Chapter 7 | ) | |
| Trustee | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Submitted Without Oral Argument
On September 23, 2016

Filed - October 14

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Scott H. Gan, Bankruptcy Judge, Presiding

————————————————

Appearances:     Appellant Irene Duarte, pro se, on brief; Appellee
Jimmie D. Smith, Chapter 7 Trustee, pro se on
brief.

————————————————

Before: LAFFERTY, JURY, and FARIS, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

# I. INTRODUCTION

Irene Duarte appeals the bankruptcy court's denial of her motion to set aside the order requiring her to disgorge $600 inappropriately received from the debtors. Duarte argued in the bankruptcy court that she was not provided an adequate opportunity to present evidence at the hearing on the motion to disgorge and offered several documents that had not been previously introduced to the bankruptcy court. After an evidentiary hearing, the bankruptcy court denied Duarte's motion because the evidence presented was not "newly discovered" within the meaning of the governing rule. Accordingly, there was no basis for relief from the underlying order. Finding no error in the bankruptcy court's findings or conclusions, we AFFIRM.

# II. FACTUAL BACKGROUND[1]

## A. The bankruptcy filing and the Trustee's Request to Disgorge

Ramon Concha and Isabel Concha ("Debtors") filed a chapter 7[2] petition on August 3, 2012. On September 7, 2012, Appellee Jim D. Smith, the chapter 7 Standing Trustee (the "Trustee"), filed a Complaint to Disgorge Fees and Other Relief

---

[1] Duarte presents a limited record; we have exercised our discretion to review the bankruptcy court's docket, as appropriate. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

(the "Request to Disgorge").[3]  The Request to Disgorge alleged that Duarte, who is not a licensed attorney or a licensed document preparer, improperly received $600 for assisting Debtors with their bankruptcy and requested that the payment be disgorged.

Duarte, acting in propria persona, filed a one-sentence response to the Request to Disgorge stating that she charged only for pre-bankruptcy services, such as filling out forms related to loan modifications, and for related administrative tasks (i.e., faxing, copying, and notarizing).  In support of Duarte's opposition, Debtors filed a one-sentence letter in which they stated that Duarte did not prepare bankruptcy documents on their behalf.[4]  The Trustee filed a reply, attaching a copy of a receipt showing payment of $600 from Debtors to Duarte on the petition date.

**B.    The evidentiary hearing on the Trustee's Request to Disgorge**

On February 3, 2015, the bankruptcy court held an evidentiary hearing on the Request to Disgorge.  After the Trustee stated his position, Duarte, through an interpreter, testified that the $600 payment was for services related to three prepetition loan modifications--but Duarte did not provide copies of any of the loan modification applications or related documents.  In addition, Duarte also indicated that she helped

[3] The Trustee's pleading was captioned as a "complaint," even though there was no adversary proceeding.  The bankruptcy court disposed of the Request to Disgorge as a contested matter.

[4] Although the letter filed by Debtors states "we declare," the document was not signed under penalty of perjury.

-3-

Debtors with forms that the Trustee sent them. Despite her assertion that she provided notary services to Debtors, Duarte did not provide evidence of any notarized documents. The bankruptcy court took the matter under submission.

On March 18, 2015, the bankruptcy court issued its Order Disallowing Fee and Requiring Turnover (the "Order"), granting the relief sought by the Request to Disgorge pursuant to § 110 and Rule 2090-2 of the Local Bankruptcy Rules for the District of Arizona.[5] In brief, the bankruptcy court disbelieved Duarte's statement that the $600 fee paid by Debtors was paid for Duarte's assistance with prepetition loan modification applications because Duarte did not provide any evidence of such documents. Furthermore, although Duarte admitted at the February 3, 2015 hearing that she charged Debtors for assistance with filling out forms sent to them by the Trustee, the bankruptcy court found that Duarte's testimony on this subject was inconsistent with the evidence showing that payment was received on the date of the petition (and therefore prior to the Trustee's appointment). Citing the inconsistent testimony from Duarte and the lack of evidence, the bankruptcy court found her testimony to be not credible.

**C. The Motion to Set Aside Judgment**

On May 6, 2015, nearly two months after the bankruptcy court issued the Order, Duarte filed a Motion to Set Aside Judgment and

---

[5] That local rule authorizes the bankruptcy court to impose sanctions against any bankruptcy petition preparer who prepares a document for filing in the United States Bankruptcy Court for the District of Arizona and who is not a certified legal document preparer.

-4-

Motion for New Trial (the "Motion") requesting relief from the Order on grounds that she did not have an adequate opportunity to present evidence at the February 3 hearing. On August 21, 2015, the bankruptcy court held a hearing on the Motion. In support of the Motion, Duarte provided the following documentary evidence that had not been offered at the hearing on the Request to Disgorge: (a) a one-sentence letter from Debtor Isabel Concha stating that Duarte did not assist Debtors in the filing of the petition; (b) a letter that Duarte drafted on behalf of Debtors for the purpose of filing in the bankruptcy case; (c) a copy of a cruise ticket with a handwritten note indicating that Duarte was on a seven-day cruise from July 29, 2012 through August 5, 2012; and (d) three documents which were drafted by Duarte, on behalf of Debtors, for the purpose of responding to a request from the Trustee. At the August 21 hearing, Duarte introduced several additional documents, including: (a) a copy of her bank statement from August 2012 reflecting the $600 payment from Debtors; (b) a copy of the itinerary for the cruise that Duarte allegedly was on the day that Debtors deposited the $600 into her account; and (c) copies of pictures of her while on a cruise.

At the conclusion of the hearing on the Motion, the bankruptcy court orally ruled that Duarte had not established any basis for relief from the Order; in particular, the bankruptcy court determined that the evidence introduced in support of the Motion did not qualify as "newly discovered" evidence because Duarte had access to that information prior to the hearing. Thus, the bankruptcy court denied the Motion and confirmed its previous ruling regarding disgorgement of the $600. Duarte

-5-

timely appealed.

## III. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(E). We have jurisdiction under 28 U.S.C. § 158.

## IV. ISSUE

Whether the bankruptcy court abused its discretion in denying Duarte's Motion.

## V. STANDARD OF REVIEW

We review denials of motions for relief under Civil Rule 60(b) for an abuse of discretion. See United States v. Stonehill, 660 F.3d 415, 443 (9th Cir. 2011). Accordingly, we reverse only where the bankruptcy court applied an incorrect legal rule or where its application of the law to the facts was illogical, implausible or without support in inferences that may be drawn from the record. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir. 2010) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

An appeal from an order denying a Civil Rule 60 motion, when the motion was filed more than 14 days after the underlying order or judgment, raises only the merits of the order denying the motion and does not raise the merits of the underlying judgment or order. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995).

## VI. DISCUSSION

Although Duarte's Motion did not specify the legal authority for the relief she was requesting, the bankruptcy court appropriately interpreted the Motion to be brought pursuant to

-6-

Rule 9024, which incorporates Civil Rule 60(b).[6]

In disposing of the Motion, the bankruptcy court considered three of the enumerated subsections of Civil Rule 60(b). The bankruptcy court considered Civil Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect) and Civil Rule 60(b)(3) (fraud). The bankruptcy court provided Duarte with examples of what circumstances would constitute grounds for relief under these sections but indicated that neither ground was applicable under the facts asserted by Duarte.

The bankruptcy court then considered Civil Rule 60(b)(2), which allows for relief from a court order when the movant can provide "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Where a motion for relief from judgment is based on allegedly newly discovered evidence, relief is warranted if:

    (1) the moving party can show the evidence relied on in

---

[6] Civil Rule 60 authorizes relief from judgment on grounds of

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason justifying relief.

-7-

fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover the evidence; and (3) the newly discovered evidence is of "such magnitude that production of it earlier would have been likely to change the disposition of the case."

Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir. 1987)).

At the evidentiary hearing on the Motion, the bankruptcy court asked Duarte why she had not offered the newly presented documents at the hearing on the Request to Disgorge. Duarte's response was that she "felt that [she] didn't need to maybe present as much evidence." Duarte also admitted to the bankruptcy court that the documents, although not in her possession at the first hearing, could have been retrieved and presented as evidence.

The bankruptcy court found that the documents introduced by Duarte--specifically, the cruise tickets, pictures, and deposit slip--were not "newly discovered evidence" because these documents were at Duarte's disposal and she could have obtained and presented the evidence at the hearing on the Trustee's Request to Disgorge had she been diligent enough to do so. Civil Rule 60(b)(2); Feature Realty, 331 F.3d at 1093. The bankruptcy court found that Duarte fully understood the risk that she could be required to give back the $600 payment if she did not meet her burden at the hearing. Therefore, the documents were not documents that could not have been discovered prior to the hearing on the Request to Disgorge, but rather documents that were available and that Duarte did not think were necessary to

-8-

support her case.  We discern no error in this finding.

The bankruptcy court also analyzed the probative value of the documents and commented that the documents did not establish that Duarte had not received the $600 in exchange for preparing bankruptcy documents.  Therefore, even had these documents been considered, they would not have justified relief from the Order.

On appeal, Duarte reargues the facts she asserted at the hearing on the Motion, but she has not demonstrated that the bankruptcy court erred in ruling that the standard for relief under Civil Rule 60 had not been met.

## VII. CONCLUSION

Because the bankruptcy court did not abuse its discretion in denying Duarte's Motion, we AFFIRM.