**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: LARRY TEVIS; NANCY TEVIS, <br><br> Debtors. <br> ———————————————— <br><br> LARRY TEVIS; NANCY TEVIS, <br><br> Appellants, <br><br> v. <br><br> MICHAEL F. BURKART, Chapter 7 Trustee; et al., <br><br> Appellees. | No. 14-60009 <br><br> BAP No. 13-1211 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Kurtz, and Jury, Bankruptcy Judges, Presiding

Submitted August 16, 2016[**]

Before:  O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nancy and Larry Tevis appeal pro se from a judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order denying their motion to vacate an order approving a settlement agreement. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion in denying appellants' motion for relief under Federal Rule of Civil Procedure 60(d)(3) because appellants failed to establish by clear and convincing evidence that any alleged misrepresentation produced a "fraud on the court." *United States v. Stonehill*, 660 F.3d 415, 443-45 (9th Cir. 2011) (a party seeking to set aside a judgment on the basis of fraud must demonstrate by clear and convincing evidence a fraud that undermines the workings of the adversary process itself or prevents the judicial process from functioning in the usual manner).

Appellants' "request for judicial notice and motion for leave to file the [state court] settlement transcripts under seal" is denied as unnecessary.

**AFFIRMED.**