**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

In re:

SHARON HAMILTON,

          Debtor.

—————————————————

SUZANNE CONRY,

          Appellant,

v.

SHARON HAMILTON; B&B 2ND
MORTGAGE, LLC; HIGH POINTE, LLC;
B&B VENTURES, LLC,

          Appellees.

BAP No. EC-20-1037-STL

Bk. No. 9:16-bk-90219

**MEMORANDUM**[*]

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Robert S. Bardwil, Bankruptcy Judge, Presiding

Before: SPRAKER, TAYLOR, and LAFFERTY, Bankruptcy Judges.

This appeal concerns roughly 460 acres of land in Weld County,
Colorado, the appurtenant oil, gas, and mineral rights, and the royalties
derived therefrom ("Property Rights"). Chapter 13 debtor Sharon Hamilton
and her husband Terry have been fighting for nearly two decades with

———————————

[*] This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

Eugene Barker, Edward Maynes, B&B 2nd Mortgage, LLC, B&B Ventures, LLC, and High Pointe, LLC (collectively, "Barker Parties") over ownership of the Property Rights.[1] This appeal, however, does not directly involve Ms. Hamilton or her husband. Rather, appellant Suzanne Conry is another competing claimant also involved in the various lawsuits concerning ownership of the Property Rights. The resulting litigation history is long and convoluted. That history, however, is largely irrelevant to the resolution of this appeal and is not repeated here.

Ms. Conry appeals the bankruptcy court's order granting the Barker Parties' motion for relief from stay and the denial of her two Civil Rule 60(b) motions seeking relief from that order.[2] The relief from stay order modified the automatic stay so that *Ms. Conry's* federal district court lawsuit regarding ownership of the Property Rights could move forward "in all respects." Ms. Conry complains that she was not provided proper notice of the motion and was denied her opportunity to contest the motion.

Ms. Conry did not timely file her notice of appeal from the relief from stay order, so the scope of our review is limited to the denial of her two

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Rule 9024 makes Civil Rule 60 applicable in bankruptcy cases.

Civil Rule 60(b) motions.[3] Regardless of the scope of our review, her appeal must be dismissed because Ms. Conry is not a "person aggrieved" by the modification of the debtor's stay.[4] The stay modification did nothing but remove an impediment to adjudicating *her* claims against the Barker Parties and the Hamiltons.[5] This helped rather than harmed Ms. Conry.

Only persons aggrieved by an order or judgment have standing to appeal bankruptcy decisions. *Duckor Spradling & Metzger v. Baum Tr. (In re P.R.T.C., Inc.),* 177 F.3d 774, 777 (9th Cir. 1999). Here, Ms. Conry was not "directly and adversely affected pecuniarily" by the orders on appeal. *Id.* *(citing Fondiller v. Robertson (In re Fondiller),* 707 F.2d 441, 442 (9th Cir. 1983)). She, therefore, was not "aggrieved" by the termination of Ms. Hamilton's stay and thus lacks standing to appeal.

---

[3] "An appeal from an order denying a Civil Rule 60 motion, when filed more than 14 days after the underlying order or judgment, raises only the merits of the order denying the motion and does not raise the merits of the underlying judgment or order." *Tevis v. Burkart (In re Tevis),* BAP No. EC-13-1211-KiKuJu, 2014 WL 345207, at *3 (9th Cir. BAP Jan. 30, 2014) (citing *Marazitit v. Thorpe,* 52 F.3d 252, 254 (9th Cir. 1995)), *aff'd,* 668 F. App'x 729 (9th Cir. 2016) .

[4] Though the issue of standing to appeal generally is reviewed de novo, whether an appellant is a "person aggrieved" by the order appealed is a question of fact that we review in the first instance. *See Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc. (In re Palmdale Hills Prop., LLC),* 654 F.3d 868, 873 (9th Cir. 2011).

[5] In Ms. Conry's lawsuit, the district court independently stayed all matters and controls the termination of that stay. The bankruptcy court's modification of the automatic stay removed only the impediment to the prosecution of her causes of action directly arising from Ms. Hamilton's bankruptcy filing.

This result is consistent with the purpose of the automatic stay, which is intended to protect the debtor and the bankruptcy estate – not individual creditors or other unrelated litigants. *See U.S. Bank, N.A. v. SFR Inv. Pool 1, LLC (In re Petrone),* 754 F. App'x 590, 591 (9th Cir. Feb. 22, 2019). As a result, "only a debtor or bankruptcy trustee can appeal an adverse decision by the bankruptcy court under the Bankruptcy Code's section on automatic stays, 11 U.S.C. § 362, because § 362 is intended to protect solely the interests of debtors and their estates." *Id.* (citing *Tilley v. Vucurevich (In re Pecan Groves of Ariz.),* 951 F.2d 242, 245 (9th Cir. 1991)).

For these reasons, Ms. Conry lacks standing to appeal the termination of the automatic stay or the denial of her Civil Rule 60(b) motions. Her appeal must be DISMISSED.[6]

---

[6] Ms. Conry strongly believes that the Barker Parties engaged in misconduct by not serving her with a copy of their relief from stay motion and by misrepresenting certain facts. But these matters were irrelevant to the decision to modify the stay which required consideration of "judicial economy, the expertise of the [non-bankruptcy] court, prejudice to the parties, and whether exclusively bankruptcy issues are involved." *Merriman v. Fattorini (In re Merriman)*, 616 B.R. 381, 387 (9th Cir. BAP 2020) (citing *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (9th Cir. BAP 2009)). Further, stay proceedings are summary in nature and may not be used to address the merits of the litigants' underlying claims. *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 914 (9th Cir. BAP 2011) (citing *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir. 1994)). Accordingly, stay relief rulings are afforded little or no preclusive effect in future litigation. *Id.* Thus, the stay relief determination did not aggrieve Ms. Conry by deciding an issue extant in her lawsuit. Her desire to correct statements she considers misleading neither confers standing nor demonstrates reversible error as to the decision to modify Ms. Hamilton's stay.