**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 12-56665 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-04719-JHN-CW |
| v. | |
| JOHN BECK AMAZING PROFITS, LLC, a California limited liability company, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| JOHN BECK, an individual, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted February 9, 2015
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** No genuine issues of material fact precluded the district court from granting summary judgment to the Federal Trade Commission (FTC).

First, no reasonable jury could fail to find that defendant John Beck "'participated directly' in the acts in question." *FTC v. Garvey*, 383 F.3d 891, 900 (9th Cir. 2004) (quoting *FTC v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir. 1997)). Beck concedes that he appeared in infomercials as the John Beck product's spokesman and that he wrote at least some of the materials sent to consumers, which were clearly misleading. (Beck does not argue otherwise.)

Second, the undisputed facts establish that Beck was at least recklessly indifferent to the truth or falsity of the misrepresentations he made. *See id.* Beck starred in an infomercial in which he touted how "easy" it was to "purchase" properties for "pennies on the dollar" using his tax-sale real estate system, stating that the system "sounds too good to be true." But dozens of consumer witnesses testified that it was "difficult or impossible" to find tax sales in their area or earn substantial money using the system, and less than two percent of consumers made any money at all. Plus, Beck admitted that he purchased homes using his system "very infrequently," that he knew of fewer than five individuals who had acquired title to homes like the ones in the informercials using his system, and that consumers needed to take elaborate and time-consuming steps before purchasing

properties at tax sales.  Beck's bare assertion that his statements were "accurate in the context of the materials he, himself, had authored" does not undermine the district court's conclusion that he was incapable of substantiating his representations.  *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**2.**  For the reasons stated in *FTC v. Gugliuzza*, __ F.3d __ (9th Cir. 2016), the district court did not abuse its discretion in imposing $113,374,305 in equitable monetary relief.  Even though that amount exceeds the unjust gains Beck personally received, it was permissible to impose liability for that amount jointly and severally under the FTC Act.

**AFFIRMED.**