**FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

FEDERAL TRADE COMMISSION,

        *Plaintiff-Appellee*,

  v.

GARY HEWITT,

        *Defendant-Appellant*,

 and

JOHN BECK AMAZING PROFITS,
LLC, a California limited liability
company; JOHN ALEXANDER,
LLC, a California limited liability
company; JEFF PAUL, LLC, a
California limited liability company;
MENTORING OF AMERICA, LLC,
a California limited liability company;
FAMILY PRODUCTS, LLC, a
California limited liability company;
DOUGLAS GRAVINK; JOHN
BECK; JOHN ALEXANDER; JEFF
PAUL,

        *Defendants*.

No. 21-56037

D.C. No.
2:09-cv-04719-
MWF-CW

OPINION

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 16, 2023
Pasadena, California

Filed May 11, 2023

Before:  Diarmuid F. O'Scannlain, Andrew D. Hurwitz,
and Bridget S. Bade, Circuit Judges.

Opinion by Judge O'Scannlain

## SUMMARY[*]

### Fed. R. Civ. P. 60(b)

The panel affirmed the district court's denial of Gary Hewitt's Fed. R. Civ. P. 60(b) motion for relief from an equitable money judgment, in a case in which the district court in 2012 granted summary judgment to the Federal Trade Commission, holding that a scam by Hewitt violated Section 5 of the Federal Trade Commission Act ("FTCA") and the Telemarketing Sales Rule.

To remedy the violations, the district court in 2012 issued a permanent injunction that, *inter alia*, prohibited Hewitt from engaging in the unlawful practices; and entered

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

a judgment in favor of the Federal Trade Commission for equitable monetary relief. Hewitt never appealed the judgment. In 2021, the Supreme Court issued *AMG Capital Management, LLC v. Federal Trade Commission,* 141 Sup. Ct. 1341 (2021), which held that Section 13(b) of the FTCA did not authorize such equitable monetary relief. Hewitt filed his Rule 60(b) motion to vacate the equitable monetary judgment awarded against him—relying on the decision in *AMG*.

First, the panel addressed Hewitt's argument that the district court erred in holding that the equitable monetary portion of the original judgment was not "void" under Rule 60(b)(4). Under the first category for Rule 60(b)(4) relief outlined in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010), the panel held that Hewitt failed to establish a certain type of jurisdictional error. Hewitt failed to show that the equitable monetary judgment here—which was consistent with then-prevailing precedent—rested on a total want of jurisdiction, or lacked even a colorable basis. Turning to the second *Espinosa* category, the panel held that Hewitt also failed to establish that a "violation of due process deprive[d] [him] of notice or opportunity to be heard" before the original judgment was imposed. *Espinosa*, 559 U.S. at 271. Hewitt did not meaningfully press any material contentions that he was deprived of notice or an opportunity to be heard during the proceedings culminating in the underlying judgment.

Second, Hewitt argued that the district court abused its discretion in concluding that the equitable monetary portion of the judgment lacked prospective application under Rule 60(b)(5). The standard used in determining whether a judgment has prospective application is whether it is executory, or involves the supervision of changing conduct

or conditions. The panel held that the equitable monetary judgment—which required nothing from Hewitt other than paying the money awarded—was not executory because it did not compel Hewitt to perform or restrain him performing a future act within the meaning of Rule 60(b)(5). The panel held further that the equitable monetary judgment—which involved no court supervision of Hewitt other than ordering him to pay the money awarded—did not involve supervision of changing conduct or conditions within the meaning of Rule 60(b)(5).

Third, Hewitt argued that the district court abused its discretion in denying his request for relief under the catch-all provision of Rule 60(b)(6). Relief under Rule 60(b)(6) is available only in extraordinary circumstances. The panel held that the first relevant set of considerations—the nature and relationship of the intervening change in the law—did not establish that the district court abused its discretion in denying relief. It was not extraordinary that the Supreme Court arrived at a different interpretation from then-prevailing precedent in this Circuit. The panel held also that the second relevant consideration—the diligence of the party in seeking relief from the original judgment—did not establish that the district court abused its discretion in denying relief. Hewitt was not diligent in challenging the original judgment a decade ago, and he fell decisively short of the diligence standard in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). The panel held that the third set of considerations--which included "additional considerations" relevant to balancing the competing policies of the finality of judgments and the command that justice be done—did not establish that the district court abused its discretion in denying relief. The panel concluded that given the "additional considerations" on both sides, it was difficult to

conclude that the district court abused its discretion in declining to relieve Hewitt from a decade-old judgment requiring him to provide restitution or disgorgement for its ill-gotten gains. The panel declined to disturb the district court's exercise of its wide discretion in concluding that no extraordinary circumstances warranted relief under Rule 60(b)(6).

## COUNSEL

Kevin J. Leichter (argued) and Andrew E. Hewitt, The Leichter Firm APC, Los Angeles, for Defendant-Appellant.

Matthew M. Hoffman (argued) and Theodore (Jack) Metzler, Attorneys; Joel Marcus, Deputy General Counsel; Anisha S. Dasgupta, General Counsel; Federal Trade Commission; Washington, D.C.; John D. Jacobs, Attorney; Federal Trade Commission; Los Angeles, California; Evan P. Rose, Attorney; Federal Trade Commission; San Francisco, California; for Plaintiff-Appellee.

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether a defendant who was ordered to pay a half-billion dollars in equitable monetary relief to the Federal Trade Commission may be entitled to a remittitur in light of a Supreme Court decision nearly a decade later.

I

A

During the mid-2000s, Gary Hewitt spearheaded a get-rich-quick scam—which promised to make consumers rich, but ultimately defrauded them of hundreds of millions of dollars. *See, e.g.*, E.R. 45-98 (detailing the scam). In response, the Federal Trade Commission ("FTC") brought suit against Hewitt and other scam participants under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTCA"), *see* 15 U.S.C. §§ 53(b), 57b, and under the Telemarketing and Consumer Fraud and Abuse Prevention Act, *see* 15 U.S.C. §§ 6101-6108—alleging that the scam violated Section 5 of the FTCA, *see* 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule, *see* 16 C.F.R. pt. 310, *as amended by* 68 Fed. Reg. 4580, 4669 (Jan. 29, 2003).

In 2012, the district court granted summary judgment to the FTC, holding that Hewitt's scam indeed violated Section 5 of the FTCA and the Telemarketing Sales Rule. E.R. 45-98. To remedy the established violations, the district court granted both injunctive and monetary relief—relying on Section 13(b) of the FTCA. E.R. 14-44; *see Fed. Trade Comm'n v. Pantron I Corp.*, 33 F.3d 1088, 1102 (9th Cir. 1994) (blessing such relief—at the time). First, the district court issued a permanent injunction that, *inter alia*, prohibited Hewitt from engaging in the unlawful practices. E.R. 22-36. Second, the district court entered judgment in favor of the FTC for "equitable monetary relief." E.R. 36 ("Monetary Judgment and Consumer Restitution").

In particular, the 2012 district court decision (1) held Hewitt and his co-defendants liable for nearly a half-billion dollars in "equitable monetary relief" equal to consumer injury or unjust enrichment, and (2) ordered them to pay

such money into a "fund" administered by the FTC or its agent—which was to be used for (a) "direct restitution to consumers" (first priority), (b) "other equitable relief" (secondary priority—permissible if such restitution were "impracticable" or "funds remain[ed]"), or (c) "disgorgement" to the Treasury (final priority—triggered in the event any funds were not used for such restitution or equitable relief).  E.R. 36-38.

Hewitt never challenged the statutory validity of the equitable monetary relief, nor appealed from the 2012 judgment—which has remained on the books all this time.

## B

But the law changed nearly a decade after the judgment against Hewitt—and it is now undisputed that Section 13(b) does *not* authorize such equitable monetary relief.  On April 22, 2021, the Supreme Court issued its landmark decision in *AMG Capital Management, LLC v. Federal Trade Commission*, 141 S. Ct. 1341 (2021)—holding that Section 13(b) of the FTCA does not "authorize[] the Commission to seek, and a court to award, equitable monetary relief such as restitution or disgorgement," *id.* at 1344 (vindicating *Fed. Trade Comm'n v. AMG Cap. Mgmt., LLC*, 910 F.3d 417, 429-37 (9th Cir. 2018) (O'Scannlain, J., specially concurring)).  Although Hewitt had never before challenged the statutory validity of the equitable monetary relief and had never appealed the original judgment, he promptly moved under Federal Rule of Civil Procedure 60(b) on May 24, 2021, to vacate the (largely unpaid) equitable monetary judgment awarded against him—relying on the Supreme Court's decision in *AMG*.

The district court denied Hewitt's motion for relief from the 2012 equitable monetary judgment.  First, it held that the

equitable monetary judgment was not "void" under Rule 60(b)(4) because (a) there was an "arguable basis" for the court's jurisdiction to issue the judgment, and (b) the judgment reflected a "remedial" rather than a "jurisdictional" error. E.R. 4-6 (cleaned up). Second, it held that the challenged monetary judgment was not "prospective" under Rule 60(b)(5) because the "equitable monetary relief" offered "a present remedy for a past wrong," rather than "prospective injunctive relief." E.R. 6-7 (cleaned up). Third, it held that even though a "change in the controlling law" (like *AMG*) can be a reason to grant Rule 60(b)(6) relief, there were no "extraordinary circumstances" that warranted vacating the equitable monetary judgment here. E.R. 7-11.[1]

Hewitt timely appealed to this Court—raising essentially the same challenges that he presented to the district court.

## II

The issue before us is whether the district court erred by denying Hewitt relief from the equitable monetary judgment—and we emphasize at the outset that our task here

---

[1] Other district courts have been presented with motions for relief under Rule 60(b) based on the Supreme Court's decision in *AMG*—but no district court decision brought to our attention by the parties has ever granted such relief. *See, e.g.*, *Fed. Trade Comm'n v. AH Media Grp., LLC*, 339 F.R.D. 612 (N.D. Cal. 2021); *Fed. Trade Comm'n v. Apex Cap. Grp.*, No. 18-cv-9573, 2021 U.S. Dist. LEXIS 255314 (C.D. Cal. Sept. 3, 2021); *Fed. Trade Comm'n v. Ivy Cap., Inc.*, 340 F.R.D. 602 (D. Nev. 2022); *see also Fed. Trade Comm'n v. Elite IT Partners, Inc.*, No. 2:19-cv-00125, 2023 U.S. Dist. LEXIS 8949 (D. Utah Jan. 17, 2023); *Fed. Trade Comm'n v. Nat'l Urological Grp., Inc.*, No. 1:04-cv-3294, 2021 U.S. Dist. LEXIS 235970 (N.D. Ga. Sept. 30, 2021); *Fed. Trade Comm'n v. Ross*, No. 08-cv-3233, 2022 U.S. Dist. LEXIS 166360 (D. Md. Sept. 14, 2022).

is a narrow one. We do not hold that Rule 60(b) relief from a pre-*AMG* judgment awarding an improper equitable monetary remedy is never appropriate. Instead, we merely address Hewitt's particular appeal—and so we only decide whether the district court erred in denying relief from the 2012 equitable monetary judgment based on the particular legal and factual attacks that Hewitt has raised. *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 537-38 (2005) (explaining, *inter alia*, that party-specific features can make the difference for Rule 60(b) relief). To perform our narrow task, we address Hewitt's three major arguments for relief in turn.

## A

Hewitt's first merits argument is that the district court erred in holding that the equitable monetary portion of the original judgment is not "void" under Rule 60(b)(4). Rule 60(b)(4) authorizes relief from a judgment where "the judgment is void." Fed. R. Civ. P. 60(b)(4). It applies "only in the rare instance where a judgment is premised either [1] on a certain type of jurisdictional error or [2] on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *see id.* at 270 (explaining that a judgment is not "void" simply because it is "erroneous" (cleaned up)). Ultimately, the alleged error in the original judgment falls into neither category.

## 1

Starting with *Espinosa*'s first category, Hewitt has failed to establish the necessary "type of jurisdictional error." *Id.* at 271. Because the scope of what constitutes a "void" judgment is "narrowly circumscribed," a judgment is void "only where the assertion of jurisdiction is truly

unsupported"—and a "void judgment must lack even a colorable basis." *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019); *see NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("A judgment is only void where there is a total want of jurisdiction as opposed to an error in the exercise of jurisdiction." (cleaned up)).  Here, Hewitt does not challenge the court's subject-matter or personal jurisdiction over the case; instead, he challenges the "court's authority to impose certain remedies." *United States v. Philip Morris USA Inc.*, 840 F.3d 844, 850 (D.C. Cir. 2016).    Even if such a "remedial error" were "jurisdictional," *id.* (cleaned up; rejecting an argument like Hewitt's), Hewitt has failed to show that the equitable monetary judgment here—which was consistent with then-prevailing precedent in our circuit (and most other circuits), *see Pantron I*, 33 F.3d at 1102 (9th Cir. 1994); *see also, e.g.*, *Fed. Trade Comm'n v. Bronson Partners, LLC*, 654 F.3d 359, 365 (2d Cir. 2011)—rested on a "total want of jurisdiction," *NewGen*, 840 F.3d at 612 (cleaned up), or lacked "even a colorable basis," *Hoffman*, 928 F.3d at 1151 (holding that a "routine[]" practice consistent with existing precedent provided an "arguable basis" for an "assertion of jurisdiction" (cleaned up)).  Accordingly, *Espinosa*'s first category provides Hewitt no relief here.

2

Turning to *Espinosa*'s second category, Hewitt has also failed to establish a "violation of due process that deprive[d] [him] of notice or the opportunity to be heard" before the original judgment was imposed. *Espinosa*, 559 U.S. at 271. Indeed, Hewitt does not meaningfully press any material contentions that he was deprived of "notice" or an "opportunity to be heard" during the proceedings culminating in the underlying judgment—and we will not

develop any arguments for him, *see, e.g.*, *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). While Hewitt—appearing to channel both Rule 60(b) and the federal Constitution itself—argues that it violates his procedural and substantive due process rights for the original judgment to remain in effect (based on the fact that, after *AMG*, the judgment is predicated on a legal error, *but see, e.g.*, *Espinosa*, 559 U.S. at 270 (explaining that a "judgment is not void … simply because it is or may have been erroneous" (cleaned up))), he neither establishes nor engages the requisite due-process elements set out by *Espinosa*'s second category. Accordingly, he fails to provide any reason for us to conclude that the judgment is "void" under Rule 60(b)(4).

## B

Hewitt's second merits argument is that the district court abused its discretion in concluding that the equitable monetary portion of the judgment lacks "prospective[]" application under Rule 60(b)(5). Rule 60(b)(5) authorizes relief from a judgment where, *inter alia*, "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Because "[v]irtually every court order causes at least some reverberations into the future," the fact that "a court's action has continuing consequences … does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5)." *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995) (cleaned up). Instead, the "standard used in determining whether a judgment has prospective application is whether it is [1] executory or [2] involves the supervision of changing conduct or conditions." *Id.* (cleaned up; relying on *Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. 421, 431 (1856), and *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932)); *see California by & through*

*Becerra v. U.S. Env't Prot. Agency*, 978 F.3d 708, 716-18 (9th Cir. 2020). Ultimately, the underlying monetary judgment challenged here—which simply ordered Hewitt to pay a fixed sum of money equal to consumer injury or unjust enrichment—falls into neither category.

### 1

First, the equitable monetary judgment—which requires nothing from Hewitt other than paying the money awarded—is not "executory" because it does not "compel[] [Hewitt] to perform or restrain[] [him] from performing a future act" within the meaning of Rule 60(b)(5). *Becerra*, 978 F.3d at 717 (citing *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)); *see, e.g.*, *Stokors S.A. v. Morrison*, 147 F.3d 759, 762 (8th Cir. 1998) (explaining that an order requiring monetary payments is not executory). While the (unchallenged) injunctive portion of the judgment (prohibiting Hewitt from, *inter alia*, engaging in unlawful telemarketing practices) is "executory," *see* E.R. 22-36 (injunctive relief; unaffected by *AMG*), the equitable monetary portion of the judgment at issue here is not "executory," and instead offers a "present remedy for a past wrong," *Becerra*, 978 F.3d at 717 (cleaned up; distinguishing "damages" from "injunctions"); *see Maraziti*, 52 F.3d at 254 (noting that merely "feel[ing] the effects of a money judgment" does not make it "prospective" (cleaned up)).

### 2

Second, the equitable monetary judgment challenged here—which involves no court supervision of Hewitt other than ordering him to pay the money awarded—does not involve "supervision of changing conduct or conditions" within the meaning of Rule 60(b)(5). *Maraziti*, 52 F.3d at

254 (cleaned up). Whatever the judicial supervision involved in ensuring that Hewitt complies with the injunctive portion of the judgment (e.g., refraining from forbidden telemarketing), *see* E.R. 22-36, the equitable monetary portion of the judgment at stake here merely involves the court in "enforcing an ordered transfer," rather than the "supervision of changing conduct or conditions," *DeWeerth v. Baldinger*, 38 F.3d 1266, 1275-76 (2d Cir. 1994) (cleaned up; explaining that "judgments involving injunctions have prospective application, while money judgments do not"); *see Stokors*, 147 F.3d at 762 (same; collecting cases); *see also, e.g.*, 12 Moore's Federal Practice - Civil § 60.47 (2022) (same); 11 Wright & Miller, Federal Practice & Procedure § 2863 (3d ed. 2020) (same). Ultimately, the challenged monetary judgment is "an order to pay money," *AMG*, 910 F.3d at 430 (O'Scannlain, J., specially concurring)—and "[such] a money judgment does not have prospective application" for purposes of Rule 60(b)(5), *Stokors*, 147 F.3d at 762.

## C

Hewitt's third merits argument is that the district court abused its discretion in denying his request for relief under Rule 60(b)(6). This catch-all provision permits relief from a final judgment where there is "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6)—which is ordinarily addressed to the "wide discretion" of the district court—is "available only in 'extraordinary circumstances.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Gonzalez*, 545 U.S. at 535). Where a party seeks relief under Rule 60(b)(6) primarily based on an intervening change in the law, such an intervening change may be adequate. But "it is hardly extraordinary" if a decision rests on a "then-prevailing interpretation" of the law

and the Supreme Court later "arrive[s] at a different interpretation"—and such a change "is all the less extraordinary" where a party has displayed a "lack of diligence" in the original proceedings. *Gonzalez*, 545 U.S. at 536-37; *see Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 445-46 (9th Cir. 2019) (explaining that relief based on a "change in the law" depends on a "case-by-case inquiry" that captures "all of the relevant circumstances"); *Phelps v. Alameida*, 569 F.3d 1120, 1135-40 (9th Cir. 2009) (same). Ultimately, Hewitt—who never challenged the equitable monetary judgment when it was originally issued consistent with then-prevailing circuit precedent—has failed to establish that the district court abused its discretion in finding no "extraordinary circumstances" warranting relief based on the three most relevant sets of considerations raised by the parties.

1

The first relevant set of considerations—the nature and relationship of the intervening change in the law—does not establish that the district court abused its discretion in denying relief. It is "hardly extraordinary" that the Supreme Court arrives at a "different interpretation" from "then-prevailing" precedent in our Circuit. *Gonzalez*, 545 U.S. at 536-37 (declining to find "extraordinary circumstances" where, *inter alia*, a district court's "interpretation was by all appearances correct under the … Circuit's then-prevailing interpretation"). Still, our precedents have recognized that such a "change in the law" may be a relevant "factor[]"— and we have considered both (a) the "relationship between the original judgment and the change in the law" (e.g., whether there is a "close connection" between the cases), and (b) the "nature of the intervening change in the law" (e.g., whether the original judgment was correct under then-

prevailing circuit precedent). *Henson*, 943 F.3d at 446, 452 (cleaned up); *see also Phelps*, 569 F.3d at 1135-36.

Here—where some features of the legal change worked by *AMG* support relief, but others plainly do not—it was not an abuse of discretion to conclude that the change in law did not warrant relief.  On the one hand, some features of the legal change bolster the request for relief—and, in particular, the "close relationship between the underlying decision and the now controlling precedent" favors relief because the foundation for the underlying decision was "directly overruled" by the Supreme Court's decision in *AMG* (holding that such equitable monetary remedies are not available under Section 13(b)).  *Phelps*, 569 F.3d at 1139-40; *cf. AMG*, 910 F.3d at 429 (O'Scannlain, J., specially concurring) (noting the legal and institutional significance of our old interpretation).  But on the other hand, other features of the legal change disfavor relief.  Perhaps most importantly, the equitable monetary judgment was consistent with Ninth Circuit precedent at the time, as well as the prevailing view in most other circuits, *see, e.g.*, *Pantron I*, 33 F.3d at 1102 (9th Cir. 1994) (authorizing such judgments); *see also, e.g.*, *Bronson Partners*, 654 F.3d at 365 (2d Cir. 2011) (same)—it was, in other words, "correct under the [Ninth] Circuit's then-prevailing interpretation" of the law, *Gonzalez*, 545 U.S. at 536; *see, e.g.*, *Phelps*, 569 F.3d at 1136 (inquiring whether a "change in the law … upset or overturn[ed] a settled legal principle" entrenched in published circuit precedent).  Given such competing considerations—and, in particular, the fact that the challenged judgment was "correct" under our "then-prevailing" precedent, *Gonzalez*, 545 U.S. at 536—Hewitt has failed to establish that the district court abused its

discretion in denying relief based on this first set of considerations.

2

The second relevant consideration—the diligence of the party in seeking relief from the original judgment—does not establish that the district court abused its discretion in denying relief. While it is already "hardly extraordinary" that the Supreme Court arrives at a "different interpretation" after a final judgment is "no longer pending," such a "change in the law" is "all the less extraordinary" where a party has displayed a "lack of diligence"—in particular, by (a) failing to "raise[] [the] issue" before the district court, (b) declining to lodge an appeal or "file[] a petition for rehearing," or (c) neglecting to seek "certiorari review." *Id.* at 536-37; *see also, e.g.*, *Ackermann v. United States*, 340 U.S. 193, 197-202 (1950) (lack of diligence—failing to appeal); *Phelps*, 569 F.3d at 1136-37 (diligence—repeated attempts at review).

Hewitt was not diligent in challenging the original judgment a decade ago—and he fell decisively short of *Gonzalez*'s diligence standard in at least two ways. First, Hewitt failed to raise the issue before the district court when the original judgment was imposed—that is, he never made the argument (later accepted by *AMG*) that Section 13(b) does not authorize such monetary judgments. Second, Hewitt (unlike one of his co-defendants, *see Fed. Trade Comm'n v. John Beck Amazing Profits, LLC*, 644 F. App'x 709, 710 (9th Cir. 2016)) failed to appeal the original judgment, and never took any further steps for direct review of the equitable monetary remedy. *See, e.g.*, *Ackermann*, 340 U.S. at 197-202 (failure to appeal without adequate justification). Accordingly, the second relevant

consideration—Hewitt's "lack of diligence in pursuing review," *Gonzalez*, 545 U.S. at 537—does not establish that the district court abused its discretion in denying relief.

3

The third set of considerations—which includes "additional considerations" relevant to balancing "the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts," *Henson*, 943 F.3d at 444-45 (cleaned up; declining to impose a "rigid or exhaustive checklist")—does not establish that the district court abused its discretion in denying relief. On the one hand, Hewitt raises some powerful considerations favoring relief from the equitable monetary judgment, including, *inter alia*, that: (a) the monetary judgment was never authorized by Congress, and (b) the judgment imposes crippling financial liability on Hewitt. On the other hand, the FTC advances similarly weighty reasons cutting against relief, including, *inter alia*, that: (a) the fact that our understanding of Congress's will has changed is not itself extraordinary, and (b) the remaining equities do not favor relief given, *inter alia*, (i) the severity and culpability of Hewitt's unlawful conduct, (ii) the nature and magnitude of the injury that Hewitt caused to consumers (who remain largely uncompensated), and (iii) the potential for materially similar relief under alternative remedial pathways.

Given the weighty (and often incommensurable) "additional considerations" on both sides, which the district court carefully considered and analyzed, it is difficult to conclude that the district court abused its discretion in declining to relieve Hewitt from a decade-old judgment requiring him to provide restitution or disgorgement for his

ill-gotten gains. And that is particularly true when these "additional considerations" are weighed against the fact that the original judgment was consistent with then-prevailing precedent and was never materially challenged by Hewitt. *See, e.g.*, *Gonzalez*, 545 U.S. at 536-37 (explaining (as noted above) that it is "hardly extraordinary" when the Supreme Court rejects "then-prevailing" circuit precedent, and it is "all the less extraordinary" when a petitioner has displayed a "lack of diligence"). Accordingly, we decline to disturb the district court's exercise of its "wide discretion" in concluding that no "extraordinary circumstances" warranted relief under Rule 60(b)(6). *Buck*, 580 U.S. at 123.

## III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.