**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID WONG,

        Plaintiff - Appellant,

and

CHARLES CHOU,

        Plaintiff,

  v.

CHARLES SCHWAB & CO., INC.,

        Defendant - Appellee.

No. 24-5037

D.C. No. 3:21-cv-06189-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding[**]

Submitted April 22, 2026[***]

Before:    LEE, DESAI, and JOHNSTONE, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

David Wong, a California attorney, appeals pro se from the district court's post-judgment order denying his Fed. R. Civ. P. 60(b)(4) motion to set aside the judgment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995). We affirm.

The district court properly denied Wong's motion to set aside the judgment as void because Wong did not file his motion within a reasonable time, and Wong failed to establish any basis for relief. *See Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 146 S. Ct. 579, 585 (2026) (holding that "[l]itigants seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time"); *FTC v. Hewitt*, 68 F.4th 461, 466 (9th Cir. 2023) (explaining that "a judgment is void only where the assertion of jurisdiction is truly unsupported—and a void judgment must lack even a colorable basis" (citations and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**